IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER C. MONTOYA,

      Plaintiff,                      No. CIV S-08-0606 GEB DAD P

    vs.

DEPARTMENT OF CORRECTIONS,

      Defendant.                ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

        Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff contends that he suffers from severe mental illness and that he needs to be transferred to a facility that can provide him proper care. Plaintiff, however, does not explain what care he is being denied and he fails to name specific defendants who are allegedly failing to provide him such care. To prevail on an Eighth Amendment claim of inadequate medical care, plaintiff must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991). The requirements for mental health care are the same as those for physical health care. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle v. Gamble, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. In demonstrating the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, then he must show that prison officials responded to the serious medical need with deliberate indifference. Proof that the defendants acted with deliberate indifference is required to satisfy the subjective prong of the two-part test applicable to Eighth Amendment claims. See Farmer, 511 U.S. at 834. Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981). Therefore, the court will dismiss plaintiff's complaint and grant him leave to file an amended complaint, using the form provided by the court.

If plaintiff chooses to file an amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of service of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff must use the form complaint
/////

provided by the court; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

    4. Plaintiff's failure to file an amended complaint and to submit either the filing fee or an application requesting leave to proceed in forma pauperis in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

    5. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action, and the court's form complaint for a § 1983 action.

DATED: April 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mont0606.14